**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David F. Thompson,<br><br>          Plaintiff,<br><br>vs.<br><br>Michael Astrue, Commissioner of Social Security,<br><br>          Defendant. | No. CV-11-00174-TUC-FRZ (CRP)<br><br>**REPORT AND RECOMMENDATION** |

      Plaintiff David Thompson seeks judicial review of the administrative decision denying his application for social security benefits. Doc. 1. He filed an amended complaint on March 25, 2011. Doc. 5. More than five months later, on September 6, 2011, Plaintiff filed a copy of a waiver of the service of summons he had completed. Doc. 13.

      In an order dated November 30, 2011, the Magistrate Judge explained to Plaintiff that a waiver of the service of summons is a document to be completed by the defendant if he were to agree to waive service, and that the waiver Plaintiff completed and filed does not show he has effectuated proper service on Defendant. Plaintiff was directed to Rule 4 of the Federal Rules of Civil Procedure, specifically, Rule 4(m)'s requirement that service be completed within 120 days and Rule 4(i)'s procedures for serving process on an officer of the United States. Plaintiff was given until January 6, 2012 to effectuate service. He was explicitly warned that failure to do so may result in dismissal of the

case. He was further warned that his failure to prosecute the action or comply with the rules or any Court order may result in the dismissal of the action with prejudice. Doc. 15.

To date, Plaintiff has filed no affidavit or other document showing he has served process on Defendant as required by Rule 4 and the order dated November 30, 2011. For reasons stated below, the Magistrate Judge recommends that, after its independent review, the District Court dismiss this action without prejudice.

**I.     Discussion.**

Rule 4(m) provides that where a defendant is not served within 120 days after the complaint is filed, the Court, unless the defendant shows good cause for his failure, must dismiss the action without prejudice. Plaintiff has not shown good cause for his failure to timely effectuate service on the Commissioner and the United States as required by Rule 4(i). Pursuant to Rule 4(m), this action should be dismissed.

In addition to Rule 4(m), the Magistrate Judge has considered this Circuit's five-part test to determine whether a dismissal sanction is just where the plaintiff fails to comply with the rules or an order of the court. Those factors are (1) the public's interest in expeditious resolution of the litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the opposing party, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

Considering this five-factor test, the Magistrate Judge concludes that dismissal without prejudice is appropriate. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket require action when a plaintiff refuses to serve process. The defendant is unable to move forward with his defense when the plaintiff refuses to prosecute the case. The Magistrate Judge has considered less drastic sanctions, but none is apparent. This action has been pending for more than eight months and yet Plaintiff has not effectuated service on Defendant despite being ordered to do so. The Magistrate Judge concludes that the appropriate result is dismissal.

**II.     Recommendation.**

In summary, the Magistrate Judge recommends that the District Court dismiss this action without prejudice.

The parties may file written objections within fourteen days of being served with a copy of the Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  The parties are advised that untimely objections may be deemed waived and non-specific, general objections do not require the District Court to exercise de novo review.  *Id.*; *see Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Any objections are to be identified with the following case number: CV-11-00174-TUC-FRZ.

DATED this 13th day of January, 2012.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE